IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHUNG KUNG SHIH,     *
            *
    Plaintiff,    *
v.           *  Civil Case No. SAG-25-00925
            *
PPE CASINO RESORTS MARYLAND, *
LLC, *et al.*,       *
            *
    Defendants.   *

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

There are myriad motions currently pending in this case filed by Plaintiff Chung Kung Shih ("Plaintiff") against Defendants PPE Casino Resorts Maryland, LLC d/b/a Maryland Live Casino & Hotel, The Cordish Companies, Inc., and Roscoe Johnson (collectively "Defendants"). First, Plaintiff has filed four different motions seeking default-related relief. ECF 30, 31, 39, 41. Second, Defendants have filed two motions seeking to dismiss the Amended Complaint. ECF 42, 45. Third, Plaintiff has filed a motion seeking leave to file a proposed Second Amended Complaint naming eight new identified defendants and a number of "John Doe" defendants, along with adding additional claims. ECF 47. This Court has reviewed the motions and the related filings. ECF 32, 51, 54. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Plaintiff's motion for leave to amend will be granted and the Clerk will be directed to file ECF 47-1 as the amended complaint, without prejudice to Defendants' ability to renew their substantive arguments in a motion to dismiss. Defendants' pending motions to dismiss will be denied as moot and Plaintiff's default-related motions will be denied.

1

## I.    DEFAULT-RELATED MOTIONS

Initially, this Court notes that the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prep. Academy v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010).  In fact, even where default has been entered against a party who did not timely respond to a complaint, the Fourth Circuit instructs courts to "liberally construe" the requirements to set aside an entry of default or default judgment "to provide relief from the onerous consequences of defaults and default judgments[,]" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987) (internal quotation marks omitted). Defendants responded to the Complaints in this case before default was entered and there has been no prejudice to Plaintiff from the slight delay. All three Defendants are fully participating in the litigation. Plaintiff's requests for various forms of default against Defendants are meritless and will be denied. ECF 30, 31, 39, 41.

## II.    MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present.  *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012).  Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Defendants argue that the proposed amendment would be futile because all of Plaintiff's claims in the proposed Second Amended Complaint are time-barred. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Arthur R. Miller et al., Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)). In response, Plaintiff notes that his proposed Second Amended Complaint itself includes extensive argument in favor of tolling the statute of limitations.[1]

This review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alteration in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980))). This Court has discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel.*

---

[1] A complaint is not the correct vessel for these arguments. A complaint should be limited to the "short and plain statement of the claim" required by Federal Rule of Civil Procedure 8. Nevertheless, because Plaintiff is self-represented, this Court will excuse the misplaced legal argument and has considered its existence (though not yet its merits) in evaluating whether to allow amendment in the first instance.

> *Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).  Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile.  The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

In sum, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964).

Defendants are correct that the face of the proposed Second Amended Complaint indicates a possible limitations problem. But given the evident dispute about tolling, this Court concludes that it would be the best procedural course to permit the Second Amended Complaint at ECF 47-1 to be filed[2] and to adjudicate the merits of the arguments regarding limitations and tolling in the construct of a motion to dismiss. Defendants, of course, are free to refile all of their "futility" arguments for this Court's substantive consideration under the motion to dismiss standard. Though this procedure is somewhat lacking in efficiency, allowing Plaintiff's amendment will not prejudice Defendants and will produce the cleanest record for the parties to proceed with this case.

---

[2] This Court notes that Plaintiff subsequently attempted to file another document entitled "Second Amended Complaint" which is not the same document as that at ECF 47-1. That document was rejected by the Clerk under its quality control procedures and no longer appears on the docket.

A separate Order follows, which will (1) deny ECF 30, 31, 39, and 41; (2) grant ECF 47 and direct the Clerk to file ECF 47-1 as the Second Amended Complaint; and (3) deny without prejudice as moot ECF 42 and 45 because a Second Amended Complaint will be filed.


Dated: July 15, 2026                                        _____/s/_____

                                                            Stephanie A. Gallagher
                                                            United States District Judge